IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

LEENA V. TRIPATHI,             )
                               )
         Plaintiff,             )
                               )
    v.                         )    No.  09 C 7339
                               )
LINCOLN NATIONAL CORPORATION,  )
                               )
         Defendant.             )

## MEMORANDUM ORDER

Leena Tripathi ("Tripathi") has used the Clerk's-Office-provided form Complaint of Employment Discrimination to charge her ex-employer Lincoln National Corporation ("Lincoln National") with a battery of charges: Complaint ¶9 has checked off asserted claims comprising age discrimination, color discrimination, national origin discrimination, race discrimination and sex discrimination. Tripathi has accompanied that Complaint with two other forms provided by the Clerk's Office: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). This memorandum order is issued sua sponte to address a number of problematic aspects of Tripathi's filings.

In part those difficulties stem both (1) from the illegibility of Tripathi's handwritten or handprinted insertions in the several forms that she has filed and (b) from some elements of sheer carelessness in the manner in which Tripathi has completed those forms. Thus Application ¶5 may or may not mean that Tripathi's marital community (her husband and herself) has $38,000 on hand, and Application ¶7 refers to their joint

ownership of a residence worth either $500,000 or $600,000 (but without providing the requested information as to the value of the equity in that property).

As for the Motion, it seems to reflect that Tripathi has sought representation from "Duron Law," apparently speaking of Andrea Duron (whose listing in Sullivan's Law Directory refers to "Duron Law Firm"). But such a simple identification of just one lawyer, in addition to which Tripathi has not furnished the required information as to why she was unable to obtain representation, does not satisfy the Court of Appeals' requirements for a pro se litigant to qualify for pro bono representation.

There is more. Instead of completing Complaint ¶7.1, which applies where as here a targeted employer is not a federal governmental agency, Tripathi has filled in answers to Complaint ¶7.2 (which is applicable only to federal governmental agencies).[1] And in addition (1) she has checked the box in Complaint ¶7.2.c that says she has attached a copy of her EEOC Charge of Discrimination and (2) she has checked the provision in Complaint ¶8(b) that says a copy of the right-to-sue letter is also attached--yet neither of those documents in fact accompanies the Complaint.

Those added deficiencies have of course made it impossible for this Court to determine matters critical to its threshold

---

[1] Although "National" is part of the ex-employer's corporate name, that does not of course make it a governmental agency.

rulings. For example, the Charge of Discrimination is needed to determine both the timeliness of Tripathi's proceeding and, just as important, the extent to which the laundry list of asserted types of discrimination that she has checked off in Complaint ¶9 comes or does not come within the scope of her charge as she presented it to the EEOC.

Tripathi's Motion ¶5 represents that her highest level of education is "Post-graduate" (that is, that she has gone beyond a college graduation). If that is indeed so, the pervasive unintelligibility of her submissions is really inexcusable.

For the reasons already explained, this Court denies both the Application and the Motion, although for the present it will not dismiss the action itself.

If Tripathi provides an adequate revised set of submissions (comprising a proper Complaint, Application and Motion[2]) on or before December 14, 2009, this Court will rule promptly on her requests. Because Complaint ¶8(b) represents that Tripathi did not receive the right-to-sue letter until November 20, 2009, that timetable does not place her at any risk of untimeliness of the Complaint in that respect.

                                      */s/ Milton I. Shadur*
_____
                        Milton I. Shadur
                        Senior United States District Judge

Date: November 25, 2009

---

[2] Those submissions must of course include a set of Judge's Copies, as this District Court's Rules require.