IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LEENA V. TRIPATHI,            )
                              )
          Plaintiff,          )
                              )
     v.                       )    No. 09 C 7339
                              )
LINCOLN NATIONAL CORPORATION, )
                              )
          Defendant.          )

MEMORANDUM ORDER

This Court's brief March 30, 2010 memorandum order identified one problematic aspect of the Answer filed by Lincoln National Corporation ("Lincoln National"), while leaving it to counsel for plaintiff Leena Tripathi ("Tripathi") to address any asserted flaws in Lincoln National's defenses ("ADs"). Now Tripathi's counsel has noticed up for presentment at the next scheduled status date of April 23 a motion to strike some of those ADs.[1] Because the sufficiency or insufficiency of an AD poses a question of law that is determinable on the papers alone (hence this Court frequently issues sua sponte rulings on that subject), this memorandum order can appropriately rule on Tripathi's motion in advance of the presentment date.

As a preliminary matter, this Court's App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill.

---

[1] Tripathi's counsel has also sought to invoke Fed. R. Civ. P. ("Rule") 12(b)(6) as a basis for dismissing those ADs. But that attempted usage does not quite fit, because an AD is not conceptually a "claim" for purposes of the Rules.

2001) makes it plain that striking an AD because it is inconsistent with Rule 8(c)'s concept of accepting a plaintiff's allegations as gospel for pleading purposes means that a defensive pleader loses nothing by a court ruling that strikes an AD--if, that is, the pleader has already denied the relevant allegation in the complaint. What follows, then, should be read and understood in that light.

With that overriding premise having been established, this memorandum order can turn to Tripathi's individualized challenges. Here they are:

1. To the extent that AD 1 speaks of "Tripathi's voluntary resignation of her employment," it is inconsistent with Amended Complaint ("AC") ¶12(b), which says that Lincoln National terminated her employment. Even more importantly, Paragraphs XXI through XXIV speak of Tripathi's "forced resignation" in response to an assertedly hostile environment. Accordingly the above-quoted portion of AD 1 is stricken, but the remaining portion that asserts Tripathi's failure to mitigate damages will be retained.

2. AD 2 is based solely on a claim of Tripathi's voluntary resignation. It is stricken in its entirety.

3. AD 3 is stricken without prejudice because it is insufficiently informative (it should be remembered that federal notice pleading principles apply to defendants as well as to plaintiffs). Lincoln National may reassert a

failure-to-exhaust-administrative-remedies defense only if it particularizes the asserted gap between Tripathi's Charge of Discrimination and her AC.

4. AD 4 will not be stricken, but this ruling is made with the understanding that Lincoln National's asserted conduct that took place more than 300 days before Tripathi filed her Charge of Discrimination may be considered for evidentiary purposes, even though that conduct is not separately actionable.

5. AD 5 is stricken as directly contrary to Tripathi's AC allegations, although Lincoln National loses nothing substantive in that respect for the reason explained earlier.

6. AD 6 appears to rely on the assertions in several paragraphs of Lincoln National's Answer that Tripathi was actually employed by its wholly owned subsidiary, Lincoln National Life Insurance Company. As such, AD 6 will not be stricken, and Tripathi's counsel is expected to address the subject of the proper party defendant promptly by a proposed amendment to the AC.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 16, 2010